JAMES R. KNOTT, Deputy Commissioner.
On February 17, 1953 the claimant Cecil M. Hunt was injured in an automobile accident arising out of and in the course of his employment with Jack Ivey Buick Co. on U. S. highway no. 1 near Sebastian, Florida. His average weekly wage at the time of the injury was $75. He was paid compensation for temporary total disability following his injury until March 9, 1953, when he returned to work for the same employer. The employer discharged him the following day, for reasons unassociated with his injury, and thereafter he remained unemployed until May 24, 1953. He claims compensation for temporary total disability during such period of unemployment, and the medical testimony of his attending physician, Dr. J. T. McDermid, shows that he was disabled during that period.
*197 The insurance carrier does not deny that the claimant was disabled during the period for which compensation is claimed, and did not file notice to controvert payment of compensation. The carrier does deny liability for the expense of the claimant’s medical treatment by Dr. J. T. McDermid, and for an attorneys’ fee payable to his attorneys for their services in this proceeding — on the ground that the failure to pay compensation during the period in question was due to the delinquency of the claimant’s attending physician in not notifying the carrier that the claimant continued to be disabled.
The evidence shows that the claimant himself engaged Dr. Mc-Dermid’s services. The insurance carrier repeatedly requested Dr. McDermid to furnish medical reports, without success. Dr. Mc-Dermid admitted in his testimony that he had received the car<rier’s written requests for medical reports and did not answer them. Medical reports were not furnished to the carrier or to the commission until after the conclusion of the hearing on June 2, 1953 although the commission under date of April 28, 1953 had sent Dr. McDermid forms for medical reports with the request that they be filled and returned, with the statement that the claim could not be given further handling until receipt of the reports.
Section 440.13(1) of the Act provides that a claim for medical, surgical or other remedial treatment shall not be valid and enforceable against the employer unless — “within 20 days following the treatment the physician or other recognized practitioner giving such treatment furnish to the employer and to the commission a report of such injury and treatment on a form prescribed by the commission.” The requirement of a report within 20 days has been interpreted in this state to mean within 20 days after the completion of the treatment and since the testimony in the present case shows that the claimant is still under the care of Dr. Mc-Dermid it is apparent that the latter was not in technical violation of the law in failing to render any reports within the first three and one-half months following the claimant’s injury, notwithstanding the fact that his failure to do so hindered and delayed a settlement of the claim and resulted in the necessity of a hearing. It might be noted, parenthetically, that the 1953 session of the legislature amended the provisions of section 440.13(1) quoted above to require that the attending physician submit a report of his injury and treatment within 20 days following the first treatment, and periodically thereafter as the commission might require.
A further question is presented with reference to the liability of the carrier for the claimant’s attorneys’ fees. The record shows, *198 without any indication to the contrary, that had the claimant’s physician furnished the reports timely and repeatedly requested by the carrier, the claimant’s compensation payments would have been reinstated without delay, with the result that claimant would not have required the services of his attorneys, and no hearing would have been necessary. On the other hand, (1) the employer, whose knowledge is imputed to the carrier, admittedly had knowledge that claimant continued to be disabled after the date of his discharge on March 10, 1953, the employer’s testimony being that claimant was “hobbling around oh a crutch” on that date; (2) the carrier failed to visit the claimant personally to make inquiry regarding his condition, even after the claim was filed by claimant’s attorneys, but stood on its right to receive medical reports; (3) having failed to receive the reports after many requests, the carrier could have referred claimant to another physician for a disability report, for its own protection and for ascertainment of the rights of the parties, but did not do so. Under these circumstances, the carrier must be held to have had imputed knowledge of claimant’s condition, as a matter of law. It follows that the carrier is legally liable for claimant’s attorneys’ fee.
Upon consideration it is therefore ordered that the insurance carrier pay — 1. compensation to the claimant at the rate of $35 per week for the period of his disability beginning on March 11, 1953 and extending to May 23, 1953, inclusive; 2. the reasonable costs incident to claimant’s medical treatment and the expense of his hospitalization; 3. to Fee, Parker & Sample the sum of $120 for their legal services in claimant’s behalf.